UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BILLY,
RHONDIA BILLY,

    Plaintiffs,

vs.                                                  Case No. 12-13515

ORLANS ASSOCIATES, PC,              HON. AVERN COHN
WASHINGTON MUTUAL BANK,
FA, JP MORGAN CHASE BANK,
FA, DEUTSCHE NATIONAL
TRUST CO, MSC WAMU
MORTGAGE PASS THROUGH
CERT,

    Defendants.
_____/

**MEMORANDUM AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND (Doc. 10)[1]**

**I.  INTRODUCTION**

This is a mortgage foreclosure case.  Plaintiffs David and Rhondia Billy, a married couple, owned a home in Farmington Hills, Michigan.  Plaintiffs obtained a loan which was secured by a mortgage on the home.  After plaintiffs defaulted on the loan, the home was sold at a sheriff's sale.  Plaintiffs are suing defendants Washington Mutual Bank, FA ("WaMu"), JP Morgan Chase Bank, FA ("Chase"), Deutsche National Trust Company ("Deutsche"), and Orlans Associates, PC ("Orlans"), claiming that defendants acted in

---

[1] The Court has reviewed the pleadings, and finds oral argument will not aid in the resolution of this dispute.  See E.D. Mich. LR 7.1(f)(2).

concert to defeat their interest in their house.[2] Plaintiffs claim the foreclosure process was invalid and seek to have the sheriff's sale voided *ab initio* and the mortgage reinstated.

On August 9, 2012, defendants removed the case to this Court (Doc. 1).

Before the Court is plaintiffs' motion to remand (Doc. 10). For the reasons that follow, the motion will be denied.

## II. BACKGROUND

Plaintiffs are citizens of Michigan and owned the home located at 30780 Turtle Creek, Farmington Hills, Michigan (the "property"). In 2004, plaintiffs obtained a $416,000 loan from WaMu; the loan was secured by a mortgage on the property.

In 2008, WaMu was closed by the Office of Thrift Supervision. The Federal Deposit Insurance Corporation ("FDIC") was appointed receiver of WaMu. Plaintiffs' note and mortgage were sold to Chase, a national banking firm with a main office in Ohio.

In 2010, Chase assigned the mortgage and the note to Deutsche, a national bank with its main office in California.

Shortly after the indebtedness was assigned to Deutsche, plaintiffs defaulted on the loan. Deutsche commenced foreclosure proceedings. On July 20, 2010, the property was sold for $460,633.09 at a sheriff's sale. Deutsche was the highest bidder. Throughout the foreclosure process, Deutsche used the services of its legal agent, Orlans, a Michigan

---

[2] Plaintiffs' complaint is in six counts, phrased as follows:
    Count I      Quiet Title
    Count II     Common Law Slander of Title
    Count III    Violation of MCL 565.208 Statutory Slander of Title
    Count IV   Innocent/Negligent Misrepresentation
    Count V    Fraud Based Upon Intentional Misrepresentations, Silent Fraud and Bad Faith Promises
    Count VI   Concert of Action

professional services company.

On January 20, 2011, plaintiffs' statutory right to redeem the property expired. Plaintiffs failed to redeem.

On July 19, 2012, plaintiffs filed suit in Oakland County Circuit Court, seeking to set aside the foreclosure and reinstate the mortgage.

On August 9, 2012, defendants removed the case to federal court based on diversity jurisdiction (Doc. 1). Defendants ask the Court to ignore Orlans' citizenship[3], claiming that Orlans was either a nominal, or improperly joined, defendant.

On August 16, 2012 defendants filed a motion to dismiss (Doc. 3).[4]

On September 8, 2012, plaintiffs filed a motion to remand the case to state court claiming a lack of diversity (Doc. 10).

### III. STANDARD OF REVIEW

In order to invoke federal court jurisdiction based on diversity of citizenship, the parties must be completely diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Procedures after removal from state to federal court are governed by 28 U.S.C. § 1447.

Although a district court lacks subject matter jurisdiction in a diversity case where the parties are not completely diverse, "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." Saginaw Hous. Comm'n v. Bannum, Inc., 576 F.3d 620, 624 (6th Cir. 2009) (quoting Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th

---

[3] Orlans is a citizen of Michigan.

[4] Plaintiffs have not yet responded.

Cir. 1999)).  As the Sixth Circuit has recognized, "[f]raudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action.  Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999)."  Saginaw Hous. Comm'n, 576 F.3d at 624; see also Coyne, 183 F.3d at 493 (reasoning that removing party must satisfy district court that there is no colorable basis for "predicting that a plaintiff may recover against non-diverse defendants").  Thus, a party is "nominal," and its citizenship is disregarded, if a state-law cause of action cannot be maintained against that party.  Coyne, 183 F.3d at 493.

The burden is on the removing party to demonstrate fraudulent joinder.  Saginaw Hous. Comm'n, 576 F.3d at 624 (citation omitted).  If the removing party fails to meet that burden, "the district court must remand back to the state court based on the lack of subject matter jurisdiction."  Coyne, 183 F.3d at 493 (citation omitted).  All doubts must be resolved in the favor of remand.  Id.

### IV.  LAW AND ANALYSIS

#### A.

The first requirement to invoke federal court diversity jurisdiction is diverse parties on both sides of the lawsuit.  Defendants say that after disregarding Orlans' citizenship, the remaining parties are diverse.[5]

To ignore Orlans' presence in the case, defendants have the burden of establishing that it was fraudulently joined.  In other words, defendants must show that plaintiffs could not have established a cause of action against Orlans.  See Coyne, 183 F.3d at 493.

---

[5] Plaintiffs are citizens of Michigan.  Deutsche is a citizen of California.  Chase is a citizen of Ohio.

In similar mortgage foreclosure cases removed in this district, courts have found that foreclosure counsel is the bank's agent, and that a plaintiff cannot maintain a state-law cause of action against the bank's agent. See, e.g., Conlin v. Mortg. Elec. Registration Sys., Inc., No. 11-15352, 2011 WL 6440705, at *1 (E.D. Mich. Dec. 16, 2011). In Conlin, where Orlans was also the agent for a bank during the foreclosure process, the court stated,

> In cases challenging mortgage foreclosures such as this one, a plaintiff does not have a cause of action against foreclosure counsel, who serves as an agent for the bank. Here, Orlans Associates, P.C., and Marshall Isaacs served as agents for U.S. Bank. Plaintiff's state law claims, if any, are against the principal, U.S. Bank, not the agents.

Id. (internal citations omitted). The court reached a similar conclusion in Malloy v. PNC Bank, No. 11-12922, 2011 WL 4485088 (E.D. Mich. Sept. 27, 2011). In Malloy, the court held plaintiffs could not maintain a cause of action against Trott & Trott, P.C., a professional corporation of attorneys, which served as agent to a bank during foreclosure proceedings:

> Trott & Trott did not lend [p]laintiffs money, it is not the servicer of [p]laintiffs' loan, and it did not make the decisions that led to the commencement of the foreclosure that [p]laintiffs challenge in this lawsuit. It did not take any independent actions on which the propriety of the foreclosure will be determined for purposes of adjudicating [p]laintiffs' claims. There are no allegations in [p]laintiffs' amended complaint that Trott & Trott acted in any capacity other than as an agent for BAC.

Id. at *1 (internal citations omitted).

Here, Orlans acted as Deutsche's legal agent. The complaint alleges that "[d]efendant Orlans, upon information and belief act[ed] on behalf of and/or under the direction of the other [d]efendants. . . ." Plaintiffs cannot maintain a cause of action against Orlans in its capacity as Deutsche's legal agent. See Casey v. Auto Owners Ins. Co., 237

5

Mich. App. 388, 402 (2006) ("The Michigan Supreme Court has declared that 'the public policy of maintaining a vigorous adversary system outweighs the asserted advantages of finding a duty of due care to an attorney's legal opponent.' "); see also Edwards v. Standard Fed. Bank, N.A., No. 08-12146, 2009 WL 92157, at *3 (E.D. Mich. Jan. 14, 2009) ("Defendants Trott should not be subject to any claims of liability . . . because they represented their client in this litigation.").

Further, plaintiffs claim that Orlans slandered its title to the property by filing "Affidavits of Compliance" that were false. To establish a slander of title claim, Michigan courts require a plaintiff to show falsity, malice and special damages. Faris v. BAC Home Loans Servicing, LP, No. 11-12007, 2012 WL 628592, at *2 (E.D. Mich. Feb. 27, 2012) (citing B & B Inv. Grp. v. Gitler, 229 Mich. App. 1, 8 (1998)). In Faris, the court found that a slander of title claim against the bank's legal agent was not "colorable" under Michigan law because plaintiffs did not allege any malice. Id. Indeed, plaintiffs had based their slander of title claim against the bank's legal agent solely on the agent's actions in filling out standardized forms on behalf of the bank. Id. Like the plaintiffs in Faris, plaintiffs sole basis for their slander of title claim is Orlans' involvement in drafting standardized forms. Plaintiffs do not allege any malice. Therefore, they "have failed to set forth a colorable slander of title claim." Id.

Finally, plaintiffs' argument that an amendment to the complaint can remedy the deficiencies lacks merit. There is no legal theory that allows plaintiffs to assert a cognizable claim against Orlans in this case. Thus, Orlans is an improper party to the lawsuit and its citizenship will be ignored for purposes of diversity jurisdiction. Plaintiffs are Michigan residents and the remaining defendants are foreign corporations. Therefore, diversity

exists between the parties.

**B.**

The second requirement for invoking federal court diversity jurisdiction is a showing that, "more likely than not," the amount-in-controversy exceeds $75,000.

When a party seeks equitable relief, the amount-in-controversy is measured "by the value of the object in the litigation." Northup Props., Inc. v. Chesapeake Appalachia, LLC, 567 F.3d 767, 770 (6th Cir. 2009) (citations omitted). The majority of courts that have determined the value of property in the context of mortgage foreclosures have applied a fair-market value test. See Bobel v. Met. Life Homes, Inc., No. 11-10574, 2011 WL 1831741, at *2 (E.D. Mich. May 13, 2011) (collecting cases). Courts use the bid for the property at the sheriff's sale to determine fair-market value when the amount is substantially greater than $75,000. See, e.g., Bobel, 2011 WL 1831741, at *3 (using sheriff's sale price of $216,750 and $297,410.64 amount of mortgage loan to find amount-in-controversy requirement satisfied); see also Meredith v. Mae, No. 11-11866, 2011 WL 2456630, at *1 (E.D. Mich., June 13, 2011) (sheriff's sale price was $303,881.66 and indebtedness was $304,050).

Here, the amount of the loan was $416,000 and the property sold for $460,633.09 at the sheriff's sale. This is well above the $75,000 threshold. Accordingly, the amount-in-controversy requirement is satisfied.

**V. CONCLUSION**

For the reasons above, plaintiffs motion to remand is DENIED.[6] Having reviewed

---

[6] Given this determination, plaintiffs shall file a response to defendants motion to dismiss within 30 days.

the parties' arguments, the Court is satisfied that is has subject matter jurisdiction and that the removal was proper.

SO ORDERED.

                    S/Avern Cohn
                    AVERN COHN
                    UNITED STATES DISTRICT JUDGE

Dated:  October 25, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 25, 2012, by electronic and/or ordinary mail.

                    S/Julie Owens
                    Case Manager, (313) 234-5160